UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WOODS,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT R. JONES,<br><br>        Defendant. | Case No. 16-cv-00148-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTIONS; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 13, 16, 17 |

## INTRODUCTION

Petitioner filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Eastern District of California.[1] He is presently an inmate in Sacramento County Jail facing criminal charges in Sacramento County Superior Court, but the instant petition challenges a prior conviction obtained in Santa Clara County Superior Court in 1992. Because Santa Clara County lies within the territory of the Northern District of California, the case was transferred to this Court. Thereafter, Petitioner filed an amended petition, which duplicates the original petition. For the reasons explained below, the first amended petition is dismissed with leave to amend. Petitioner's application for leave to proceed in forma pauperis is granted, and his motions for appointment of counsel and for additional law library access are denied.

## BACKGROUND

In 1992, petitioner was convicted of rape in Santa Clara County Superior Court. (Amend. Pet. at 1.) He was sentenced to a term of 18 years in state prison. (*Id.*) His appeals from his

---

[1] Petitioner has consented to the jurisdiction of a Magistrate Judge. (ECF No. 9.)

conviction to the California Court of Appeal and the California Supreme Court were denied. (*Id.* at 2.) Petitioner faces new criminal charges in Sacramento County Superior Court. (ECF No. 13 at 2.) The 1992 conviction he challenges in the instant petition is alleged as a prior conviction for purposes of a sentence enhancement in his current criminal proceedings. (Mot. Appt. Counsel, ECF No. 16, at 6; ECF No. 13 at 5-6.)

**DISCUSSION**

I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal ClaimsPetitioner may not challenge his 1992 conviction in a federal petition for a writ of habeas corpus if he is no longer "in custody" on that conviction. The federal writ of habeas corpus is only available to persons "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see* 28 U.S.C. § 2254(a). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Petitioner's 18-year sentence on his 1992 conviction expired many years ago and there is no indication that he is under court supervision. His present confinement appears to be based on his new charges, which charges are not challenged here. Therefore it would appear that he is not "in custody" on the 1992

conviction, and may not challenge that conviction in a federal habeas petition. Petitioner will be granted leave to further amend his petition to show that he is still in custody on the 1992 conviction, either because the sentence is not yet completed or he is still under court supervision for that conviction.   It is noted that although the 1992 conviction is being alleged as a sentence enhancement in his present criminal proceedings, an expired conviction cannot be challenged in an attack upon a later sentence it is used to enhance. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (prior conviction cannot be challenged in a § 2254 petition). The only exception the Supreme Court has recognized to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404. Petitioner does not claim that he was not appointed counsel; indeed it is clear from his amended petition that counsel was appointed. (*See* Amend. Pet. at 5.) The Ninth Circuit has recognized another exception to the rule in *Coss*: "[W]hen a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Dubrin v. California*, 720 F.3d 1095, 1099-1100 (9th Cir. 2013). This exception does not apply here because Petitioner indicates that he obtained review of his claims in the state courts. (*See* Amend. Pet. at 7.) The exceptions to the rule in *Coss* do not apply, and the fact that his 1992 conviction may be used to enhance the sentence he faces on his current charges does not give this Court jurisdiction over a habeas challenge to that conviction.

Petitioner has filed a motion for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so

require" and such person is financially unable to obtain representation. The instant petition is not particularly complex, and the information needed to amend the petition is within Petitioner's knowledge. Accordingly, the interests of justice do not require appointment of counsel at this time. Petitioner should not renew his request for appointment of counsel because if the circumstances of this case materially change, the Court will appoint counsel sua sponte.

Petitioner has also filed a motion to increase his time in the law library at the Sacramento County Jail and for more "ancillary sundries." He argues that the amount of library time and materials that the Sacramento County Superior Court has ordered is not sufficient to allow him to defend against his criminal charges. Changes to the Superior Court's order must be sought in the Superior Court, not here. If Petitioner needs additional time to amend the instant petition, he may request an extension of time; if his request is accompanied by a showing of good cause and is filed prior to the deadline set forth below, the request will be granted.

## CONCLUSION

For the foregoing reasons, the amended petition is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file a further amended petition within **twenty-eight (28) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 16-0148 JSC (PR)) and the words "COURT-ORDERED SECOND AMENDED PETITION" on the first page. The second amended petition will completely replace the original and amended petitions, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Petitioner may not incorporate material from the original or amended petitions by reference. Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.

//

//

Petitioner's motions for appointment of counsel and for increased time in the law library and more "ancillary sundries" are DENIED.  Petitioner' application to proceed in forma pauperis is GRANTED due to his lack of funds.

IT IS SO ORDERED.

Dated: April 28, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH WOODS,

        Plaintiff,

   v.

SCOTT R. JONES,

        Defendant.

Case No. 16-cv-00148-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 28, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Woods ID: H-67734
1 Bessell Way
Richmond, CA 94801

Dated: April 28, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____

6

Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY